# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MAY RUAN AS SPECIAL ADMINISTRATOR OF THE ESTATE OF CIMEI LIAO, DECEASED, <br><br> Plaintiff, <br><br> v. <br><br> NORFOLK SOUTHERN RAILWAY COMPANY, a/k/a NORFOLK SOUTHERN CORP and UNION PACIFIC RAILROAD COMPANY, d/b/a UMAX d/b/a EMP, <br><br> Defendants. | Case No. 24-cv-03464 <br><br> Judge Sharon Johnson Coleman |

## ORDER

Plaintiff May Ruan ("Ruan") as Special Administrator of the Estate of Cimei Liao, deceased, brings this negligence action against various railway and related defendants based on a tragic accident. On October 3, 2022, Cimei Liao was killed traveling down the I-90 expressway when an unsecured piece of locomotive equipment (a six-by-four-inch piece of galvanized steel) crashed through her windshield. Ruan filed a petition for discovery in Cook County a few days after Liao's death and filed her present complaint in Cook County state court on March 27, 2024. Defendants removed the case to this Court on April 30, 2024. Ruan asserts that her counsel and their experts completed a complex modeling study on August 2, 2024, and determined that their previous understanding of the accident needed revision based on the trajectory of the object that crashed through Liao's windshield.

Based on this new information, Ruan's team allegedly determined that the Intermodal Vehicle that caused Liao's death was driven by an Illinois resident named Abdalmenem Dalis. Ruan thus seeks to add Dalis as a defendant, along with three companies that allegedly owned or controlled his vehicle and the container onboard. Because Dalis is not diverse from Liao, Ruan

1

moves under 28 U.S.C. § 1447(e) for leave to amend her complaint and remand this matter to state court. Defendant Norfolk Southern Railway Company ("Norfolk") opposes Ruan's motion, arguing that (1) Ruan already knew about Dalis when she filed her complaint and should have added him before now and (2) Ruan's allegations against Dalis constitute fraudulent joinder. For the following reasons, the Court grants Ruan's motion [43].

## STATEMENT

The parties agree on the controlling legal standard here. "When joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) (citing *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996)). This Court "has discretion to permit or deny post-removal joinder of a nondiverse party" and must balance the following equities in deciding how to exercise that discretion: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id.* (citations omitted).

However, under the "fraudulent joinder" doctrine, a plaintiff "may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Id.* at 763 (citing *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993)). In the context of a § 1447(e) analysis, "the fraudulent joinder doctrine is not directly applicable" but "can be a relevant factor for determining whether to permit joinder." *Id.* at 764. Resolving all legal and factual issues in Ruan's favor, this Court "must ask whether there is 'any

2

reasonable possibility' that [she] could prevail against the non-diverse defendant." *Id.* (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).

All relevant factors favor Ruan in this case. First, Ruan's attempt to join Dalis and the related parties is clearly motivated by new evidence (the August study) that Ruan believes shows Dalis's direct involvement in Liao's death. Dalis is central to Ruan's proposed amended complaint, including that he was driving the Intermodal Vehicle that launched the object that killed Liao. And according to Ruan, this information could only have been discovered after the complex expert modeling that occurred one month ago.

Norfolk's fraudulent joinder argument does not change this. Norfolk argues that Ruan's allegations against Dalis are "wholly speculative." That argument, however, disregards the standard here and ignores Ruan's allegations. The Court must resolve legal and factual issues in Ruan's favor. In that light, Ruan alleges that Dalis was driving twenty-three feet ahead of Liao when he illegally changed lanes and launched the object that killed Liao into her car. Whether Ruan ultimately proves that or not, she has some reasonable chance of succeeding on a negligence claim under Illinois law, and this is the clear motivation for her proposed amendment.

Second, Ruan's request is not untimely. Norfolk argues that Ruan knew the identity of Dalis at the time she filed her original complaint, and thus should have added Dalis and the three related defendants before filing. As Ruan points out, however, this is a complicated case involving numerous actors on an interstate highway. What is more relevant here is that Ruan apparently did not learn Dalis's *relevance* to the case until experts conducted a complex analysis of Liao's car in August 2024—an analysis they apparently could not properly conduct until August 2, 2024. In that context, Ruan has not delayed amending her complaint.

Finally, the third and fourth factors are related in this case. Ruan will be injured if joinder is not allowed. As described above, Ruan's proposed amended complaint alleges that Liao was killed

3

by the object that launched from Dalis's vehicle because of faulty equipment and negligent driving. In other words, the proposed additional parties are central to Ruan's claims and recovery. And by keeping all the defendants together, Ruan will be able to litigate this complex case with numerous actors in a single court. Permitting joinder will contribute to judicial efficiency and avoid requiring the parties to engage in piecemeal litigation and duplicative discovery.

## CONCLUSION

For these reasons, the Court grants Ruan's motion [43] under 28 U.S.C. § 1447(e), permits Ruan to file her amended complaint, and remands this case to state court.

**IT IS SO ORDERED.**

Date: 9/18/2024

Entered:

_____
SHARON JOHNSON COLEMAN
United States District Judge

4